SHOOK, HARDY & BACON L.L.P.
Michael L. Mallow (SBN 188745)
mmallow@shb.com
Rachel A. Straus (SBN 268836)
rstraus@shb.com
Mark D. Campbell (SBN 180528)
mdcampbell@shb.com
2049 Century Park East, Suite 3000
Los Angeles, CA 90067-3204
Phone: (424) 285-8330
Fax:  (424) 204-9093

*Attorneys for Defendants*
*TOYOTA MOTOR SALES, U.S.A., INC.*
*and TOYOTA MOTOR CORPORATION*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIANO ALANIZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TOYOTA MOTOR CORPORATION, et al.,<br><br>Defendants. | Case No. 4:20-cv-01351-JST<br><br>Assigned to: Hon. Jon S. Tigar<br><br>**TOYOTA MOTOR CORPORATION'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(2); MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[Filed Concurrently with Declaration of Hiromitsu Godo; and [Proposed] Order]<br><br>Complaint Served: February 21, 2020 |

1 | 
2 | 
3 | 
4 | 
5 | 
6 | 
7 | 

### NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS:

PLEASE TAKE NOTICE that Toyota Motor Corporation ("TMC") moves this Court for an order dismissing the Complaint pursuant to Fed. R. Civ. P. 12(b)(2). Pursuant to the Court's Scheduling Notes, due to the COVID-19 crisis, this motion is being filed without a noticed hearing date and the case will be deemed submitted upon TMC filing its reply brief, unless otherwise ordered by the Court.

TMC is the Japanese parent corporation of Toyota Motor North America, Inc. (TMNA), which in turn owns Toyota Motor Sales, U.S.A., Inc. ("TMS"), the entity Plaintiff has also sued here. There is neither general nor specific personal jurisdiction over TMC because unlike TMS, it is not "at home" in California and none of Plaintiff's causes of action arise from or relate to any contact that TMC itself has with California. Moreover, the assertion of personal jurisdiction over TMC would not comport with due process requirement of "fair play and substantial justice." Plaintiff's Complaint should therefore be dismissed against TMC.

This motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities in Support, the Declaration of Hiromitsu Godo, and all other pleadings and papers on file in this action.

Dated: May 1, 2020                    Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.


By: /s/ *Michael L. Mallow*
        Mark D. Campbell
        Rachel. A. Straus
        Michael L. Mallow
        TOYOTA MOTOR SALES, U.S.A., INC. and TOYOTA MOTOR CORPORATION

# **TABLE OF CONTENTS**

STATEMENT OF ISSUES TO BE DECIDED ................................................. 1

INTRODUCTION ....................................................................................... 1

FACTUAL BACKGROUND ........................................................................ 2

I.      Plaintiff's Complaint ..................................................................... 2

II.     TMC Has No Contacts With California. ......................................... 3

LEGAL STANDARD ................................................................................. 4

ARGUMENT ............................................................................................ 6

I.      This Court lacks general jurisdiction over TMC. ........................... 6

        A.      TMC is "at home" in Japan, not California. ......................... 6

        B.      General jurisdiction cannot be established via subsidiaries. ............... 6

II.     The Court lacks specific jurisdiction over TMC because the claims against it do not arise from its contacts with California. ................................................. 9

        A.      Plaintiff has not alleged purposeful direction or availment by TMC ... 10

        B.      Plaintiff does not allege claims arising from forum related activities by TMC with California. ................................................ 12

        C.      Specific jurisdiction would be unreasonable ................................. 13

CONCLUSION ......................................................................................... 14

TOYOTA MOTOR CORPORATION'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*AFC Enterp., Inc. v. Hearst Corp.*,
No. 1:11-cv-4150-WSD, 2012 WL 13014021 (N.D. Ga. Sept. 10, 2012) ........................................................................................... 10

*Asahi Metal Industry Co., Ltd. v. Superior Court*,
480 U.S. 102 (1987) ...........................................................11, 13, 14

*Axiom Foods, Inc. v. Acerchem Int'l, Inc.*,
874 F.3d 1064 (9th Cir. 2017) .....................................................9, 10

*Branch v. Toyota Motor Corp.*,
No. 810ML02151 JVS FMOX, 2012 WL 12930585 (C.D. Cal. Mar. 19, 2012) ........................................................................................ 10

*Bristol-Meyers Squibb Co. v. Superior Court*,
137 S. Ct. 1773 (2017) ...............................................................5, 12

*Brown v. Toyota Motor Sales, U.S.A, Inc.*,
No. CV 16-1069, 2016 WL 1161306 (E.D. La. Mar. 24, 2016) ........................... 8

*Carroll Shelby Licensing, Inc. v. U.S. Restoration, LLC*,
No. 217CV00737ODWSSX, 2017 WL 4142158 (C.D. Cal. Sept. 15, 2017) ....................................................................................... 13, 14

*Daimler AG v. Bauman*,
571 U.S. 117 (2014) ................................................................. passim

*Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*,
557 F.2d 1280 (9th Cir. 1977) ...................................................... 4

*Demaria v. Nissan N. Am., Inc.*,
No. 15 C 3321, 2016 WL 374145 (N.D. Ill. Feb. 1, 2016) .............................. 10

*Doe v. Unocal Corp.*,
248 F.3d 915 (9th Cir. 2001) ........................................................ 13

*Dole Food Co. v. Watts*,
303 F.3d 1104 (9th Cir. 2002) ....................................................... 9

*Estate of Miller ex rel. Miller v. Toyota Motor Corp.*,
  No. 607CV-1358-ORL-19DAB, 2008 WL 4525058 (M.D. Fla. Oct. 6,
  2008) ................................................................................................................8

*Estate of Thomson v. Toyota Motor Corp.*,
  No. CIV JFM-08-2467, 2009 WL 1686498 (D. Md. June 12, 2009) ....................8

*Estate of Thomson v. Toyota Motor Corp. Worldwide*,
  545 F.3d 357 (6th Cir. 2008) ..............................................................................8

*Flynt Distrib. Co. v. Harvey*,
  734 F.2d 1389 (9th Cir. 1984) .............................................................................4

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
  564 U.S. 915 (2011) ............................................................................................5

*Heber v. Toyota Motor Sales U.S.A., Inc.*,
  No. SACV 16–01525 AG (JCGx), 2018 WL 3104612 (C.D. Cal. June
  11, 2018) ....................................................................................................... 6, 8

*Int'l Shoe Co. v. State of Washington, Office of Unemployment
  Compensation and Placement et al.*,
  326 U.S. 310 (1945) ............................................................................................5

*Keeton v. Hustler Magazine, Inc.*,
  465 U.S. 770 (1984) ......................................................................................... 10

*Mavrix Photo, Inc. v. Brand Techs., Inc.*,
  647 F.3d 1218 (9th Cir. 2011) .............................................................................4

*Miller v. Toyota Motor Corp.*,
  620 F. Supp. 2d 109 (D.D.C. 2009) ....................................................................8

*Payne v. Office of the Commissioner of Baseball*,
  No. 15-CV-03229, 2016 WL 1394369 (N.D. Cal. Apr. 8, 2016)........................ 13

*Ranza v. Nike, Inc.*,
  793 F.3d 1059 (9th Cir. 2015), cert. denied, 136 S. Ct. 915 (2016) ................. 4, 7

*Rasmussen v. General Motors Corp.*,
  803 N.W.2d 623 (Wis. 2011) ..............................................................................8

*Salazar v. County of Orange*,
  No. SACV 11-11-1125 AG (MLGx), 2012 WL 12896196 (C.D. Cal.
  Mar. 12, 2012) ................................................................................................. 10

*Schwarzenegger v. Fred Martin Motor Co.*,
    374 F.3d 797 (9th Cir. 2004) ..................................................................... 4, 9

*Sher v. Johnson*,
    911 F.2d 1357 (9th Cir. 1990) ...................................................................... 4

*Shute v. Carnival Cruise Lines*,
    897 F.2d 377 ( 9th Cir. 1990) ...................................................................... 13

*Sinatra v. Nat'l Enquirer, Inc.*,
    854 F.2d 1191 (9th Cir. 1988) ..................................................................... 13

*Swartz v. KPMG LLP*,
    476 F.3d 756 (9th Cir. 2007) ........................................................................ 4

*Walden v. Fiore*,
    571 U.S. 277 134 S. Ct. 1115 (2014) ........................................................ 5, 12

*Williams v. Yamaha Motor Co Ltd.*,
    851 F.3d 1015 (9th Cir. 2017) ............................................................. passim

*Zeiger v. WellPet LLC*,
    304 F. Supp. 3d 837, 849 (N.D. Cal. 2018) ................................................... 4

**RULES**

Fed. R. Civ. P. 12(b)(2) ...................................................................... 1, 4

Rule 8 ........................................................................................... 10

**STATUTES**

Business & Professions Code §17200 ............................................................ 2, 3

California's Consumer Legal Remedies Act, California Civil Code §
    1750 *et seq.* ................................................................................ 2

## STATEMENT OF ISSUES TO BE DECIDED
## (CIVIL LOCAL RULE 7-4(A)(3))

Whether the claims in this action against Toyota Motor Corp. ("TMC") must be dismissed for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) because this Court has neither general nor specific personal jurisdiction over TMC, and the assertion of personal jurisdiction over TMC would not comport with the due process requirement of "fair play and substantial justice."

## INTRODUCTION

Plaintiff is a resident of California who alleges warranty, fraud and consumer protection claims arising out of his December 2017 purchase of a used 2014 Toyota Prius. Plaintiff has sued both Toyota Motor Sales, U.S.A., Inc. ("TMS"), a California corporation, and TMC. However, TMC is a foreign corporation with no relevant contacts in the United States, let alone California.

Plaintiff has alleged no facts, and will be unable to present any evidence showing, that TMC should be subject to either general or specific personal jurisdiction in California. General jurisdiction exists only over corporations that are essentially "at home" in the forum state. TMC's headquarters and principal place of business are both in Japan, and there is no other basis for general jurisdiction in California. TMC is also not subject to specific personal jurisdiction here because it did not manufacture plaintiff's vehicle in California, nor did it sell, market, distribute or warrant Plaintiff's vehicle anywhere in the United States, much less in California. Further, Plaintiff's claims do not arise from or relate to any contact TMC itself has with California.

Apparently recognizing these facts, Plaintiff's complaint relies on a conclusory allegation of "agency" which purports to impute the jurisdictional contacts of TMS to TMC. However, the Ninth Circuit, relying upon the U.S. Supreme Court's decision *Daimler AG v. Bauman*, 571 U.S. 117 (2014) ("Daimler"), has squarely rejected the notion that an agent's contacts can be imputed to its principal to establish either general or specific jurisdiction. *Williams v. Yamaha Motor Co Ltd..*, 851 F.3d 1015, 1023-24

(9th Cir. 2017) (Daimler's prohibition against imputing jurisdictional contacts of agent to principal "applies with equal force regardless of whether the standard is used to establish general or specific jurisdiction")

Not only does the Court lack personal jurisdiction over TMC for the foregoing reasons, but also, conferring personal jurisdiction over TMC would not comport with the due process requirement of "fair play and substantial justice."

For these reasons, TMC respectfully requests that the Court dismiss the claims against it.

## FACTUAL BACKGROUND

### I.   Plaintiff's Complaint

On February 21, 2020, Plaintiff filed this copycat[1] putative class action on behalf of "[a]all persons or entities in the United States that purchased, lease, leased, own or owned " a Putative Class Vehicle."[2] Complaint, Dkt. 1, at ¶ 57. Alternatively, Plaintiff seeks to certify a proposed California subclass of "[a]ll persons or entities in California that purchased, lease, leased, own or owned" a Putative Class Vehicle." *Id.*

Plaintiff alleges that the Putative Class Vehicles contain defective brake booster pump assemblies (hereinafter, the "Brake Defect"). *Id.* at ¶2. Plaintiff asserts claims for fraud, negligence misrepresentation, breach of express and implied warranty, unjust enrichment, violation of California's Consumer Legal Remedies Act, California Civil Code § 1750 *et seq.*, and violation of California's unfair competition law, Business & Professions Code §17200.

The Complaint names two defendants: TMC and TMS. Plaintiff correctly alleges that TMS is headquartered in Plano, Texas. *Id.* ¶ 20. Plaintiff also alleges that TMS "is

---

[1] Plaintiff filed his action approximately a month after *Medeiros v. Toyota Motor Corp.* (Case No. 2:20-cv-00683, January 22, 2020) was filed in the Central District of California and three days after *Turner v. Toyota Motor Corp.* (Case No. 5:20-cv-00320, February 18, 2020) was also filed in the Central District of California.

[2] "Putative Class Vehicles" are defined as 2010-2015 Prius and Prius PHV, 2012-2015 Prius V, 2012-2014 Camry Hybrid, and 2013-2015 Avalon Hybrid vehicles.

Toyota's U.S. sales and marketing arm, which oversees sales and other operations in 49 states. TMS distributes Toyota, Lexus, and Scion vehicles and sells these vehicles through its network of dealers. Money received from the purchase of a Toyota vehicle from a dealer flows from the dealer to TMS." *Id*.[3]

Regarding TMC, Plaintiff concedes that it "is a Japanese corporation with its principal place of business located at 1 Toyota-Cho, Toyota City, Aichi Prefecture, 471-8571, Japan." *Id*. at ¶ 19. Plaintiff further alleges that TMC "*through its various entities*, designs, manufactures, markets, distributes and sells Toyota, Lexus and Scion automobiles in California and throughout the United States and worldwide." *Id*. (emphasis added).

Aside from the above allegations, Plaintiff almost always lumps the two defendants together collectively as "Toyota" or "Defendants" (*see*, *e.g.*, Complaint at ¶¶ 4-13; 30-56), and he does so in almost all of the Complaint's 158 paragraphs.

## II.   TMC Has No Contacts With California.

TMC is a Japanese corporation with its principal place of business in Japan. Declaration of Hiromitsu Godo ("Godo Decl."), ¶ 3. It has no jurisdictional contacts with California. *Id*. ¶¶ 4-14. It does not design, manufacture, import, market, or sell vehicles in California or any other U.S. state. *Id*. ¶¶ 4-5, 7, 9-10, 14. It has no place of business here, has no agent for service of process (or any other purpose) here, owns no real estate here, and is not licensed to do business in the state. *Id*. ¶¶ 6-13. This is because, as Plaintiff acknowledges, TMS does those things, to the extent they are done in the United States at all. *Id*. ¶¶ 5, 15; *see also Complaint ¶ 20* (alleging that TMS is the "sales and marketing arm, which oversees sales and other operations in 49 states.")

Although Plaintiff includes conclusory allegations suggesting that the two companies are each "the alter ego" or "agent" of the other, in fact, they are two separate corporations and each observes all corporate formalities necessary for its separate legal

---

[3] This allegation is not accurate, but that is of no consequence for the purposes of this motion. For the purposes of this motion, it is correct that TMS markets and distributes Toyota and Lexus vehicles throughout much of the United States.

existence. Godo Decl. ¶¶ 5, 18-23. Each maintains its own respective employees, facilities, accounting systems, records, and further maintain separate operations and departments. *Id*. ¶¶ 20-24. For that matter, TMS is not a direct subsidiary of TMC. TMS is directly owned by a holding company, Toyota Motor North America, Inc. *Id*. ¶ 16.

## LEGAL STANDARD

On a Rule 12(b)(2) Motion such as this, Plaintiff has the burden of establishing personal jurisdiction over TMC. *See Flynt Distrib. Co. v. Harvey*, 734 F.2d 1389, 1392 (9th Cir. 1984) ("The party seeking to invoke [personal] jurisdiction has the burden of establishing that jurisdiction exists."); *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (when a defendant contests personal jurisdiction, "the plaintiff bears the burden of demonstrating that jurisdiction is appropriate.")  "[M]ere 'bare bones' assertions of minimum contacts with the forum or legal conclusions unsupported by specific factual allegations will not satisfy a plaintiff's pleading burden." *Swartz v. KPMG LLP*, 476 F.3d 756, 766 (9th Cir. 2007). When confronted with sworn statements, a plaintiff alleging personal jurisdiction "may not simply rest on the bare allegations of [the] complaint." *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015) (alterations in original) (internal quotation marks and citation omitted), cert. denied, 136 S. Ct. 915 (2016); *see also*, *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011) (quoting *Data Disc, Inc. v. Sys. Tech. Assocs., Inc*., 557 F.2d 1280, 1284 (9th Cir. 1977)) (a court "'may not assume the truth of allegations in a pleading which are contradicted by affidavit.'").

Additionally, "[r]egardless of their joint liability, jurisdiction over each defendant must be established individually." *Sher v. Johnson*, 911 F.2d 1357, 1365 (9th Cir. 1990). Thus, jurisdictional allegations that group defendants together generally are insufficient to satisfy a plaintiff's pleading burden. *Zeiger v. WellPet LLC*, 304 F. Supp. 3d 837, 849 (N.D. Cal. 2018).

Federal courts apply state law to determine the bounds of their jurisdiction over a party. *Williams*, 851 F.3d at 1020. Because California's long-arm statute authorizes

personal jurisdiction to the extent such jurisdiction comports with due process, the analyses under California and federal law are the same. *Id.*

For a court to exercise personal jurisdiction over a nonresident defendant consistent with due process, the defendant must have "certain minimum contacts" with the forum "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. State of Washington, Office of Unemployment Compensation and Placement et al.*, 326 U.S. 310, 316 (1945). There are two types of personal jurisdiction: general and specific. *Bristol-Meyers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1779-80 (2017).

General jurisdiction is "all-purpose jurisdiction" and allows a court to hear any claim against a defendant even if all the incidents underlying the claim occurred in a different state. *Id.* at 1780. Only a limited set of affiliations with a forum, however, will render a defendant amenable to general jurisdiction there. *Id.* (citing *Daimler AG v. Bauman*, 571 U.S. 117, 134 S. Ct. 746, 760 (2014)).

Specific jurisdiction must be "case-linked" and the plaintiff's suit must itself arise out of or relate to the defendant's forum contacts. *Id.* Specific jurisdiction is "confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Id.* (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 918 (2011)). The underlying controversy "'must arise out of contacts that the "defendant [itself]" creates with the forum State.'" *Williams*, 851 F.3d at 1023 (*quoting Walden v. Fiore*, 571 U.S. 277, 134 S. Ct. 1115, 1122 (2014) (brackets in original)). And, the required minimum contacts "must be 'with the forum State itself, not ... with persons who reside there.'" *Id.* (*quoting Walden*, 134 S.Ct. at 1122).

Plaintiff cannot meet his burden of demonstrating that the Court has personal jurisdiction – whether specific or general jurisdiction – over TMC.

1

**ARGUMENT**

2  **I.    This Court lacks general jurisdiction over TMC.**

3       **A.    TMC is "at home" in Japan, not California.**

4       According to the Supreme Court, the two "paradigm" locations where an out-of-

5  state corporation is "at home" such that general jurisdiction can be asserted are "[1] its

6  place of incorporation and [2] its principal place of business." *Daimler*, 134 S. Ct. at

7  760 (citation and quotation marks omitted). In *Williams*, the Ninth Circuit held that

8  Yamaha Motor Corporation (YMC) was not "at home" in California because it is

9  "incorporated and has its principal place of business in Japan, and has no offices or

10  employees in California." 851 F.3d at 1021. That same analysis holds true here.

11       As Plaintiff concedes, TMC is a Japanese corporation. Complaint ¶ 19. Its

12  headquarters and principal place of business are also in Japan. Godo Decl. ¶ 3. It has no

13  jurisdictional contacts with California. *Id*. ¶¶ 4-14, 24. Plaintiff alleges no facts

14  suggesting otherwise. Though, as noted, Plaintiff refers to TMC and TMS together as

15  "Toyota" and "Defendant," he never actually alleges that TMC, or the generic "Toyota"

16  entity, is incorporated in California or has a principal place of business here. Nor will

17  Plaintiff be able to offer any facts to support such a claim.

18       TMC is "at home" only in Japan and is not subject to general jurisdiction in

19  California.  *Heber v. Toyota Motor Sales U.S.A.*, Inc., No. SACV1601525AGJCGX,

20  2018 WL 3104612, at *2 (C.D. Cal. June 11, 2018) ("Toyota Japan is not subject to

21  general jurisdiction in California – it's not jurisdictionally 'at home' here").

22       **B.    General jurisdiction cannot be established via subsidiaries.**

23       Plaintiff presumably will argue that general jurisdiction over TMC can be

24  established by imputing TMS's California contacts, either through an agency or "alter

25  ego" theory. *See, e.g.*, Complaint ¶ 19 (alleging TMC "through its various entities,

26  designs, manufactures, markets, distributes and sells Toyota, Lexus and Scion

27  automobiles in California and throughout the United States and worldwide."); ¶ 21

28

TOYOTA MOTOR CORPORATION'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

1  (alleging TMC and TMS are "alter egos of the others" and "each Defendant was acting
2  as an agent and/or employee of the other Defendant"). These theories also fail.

3  First, the Ninth Circuit's previous position that an agency theory might apply in
4  this context was expressly reversed in *Daimler*. 134 S. Ct. at 752–60; *see also Williams*,
5  851 F.3d at 1020–21 (recognizing this fact); *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1071
6  (9th Cir. 2015) (same).

7  Second, the Ninth Circuit has also recognized that an "alter ego" theory of
8  personal jurisdiction did not survive *Daimler*. *Williams*, 851 F.3d at 1022. After stating
9  that the plaintiffs had not shown the California subsidiary and foreign parent to be alter
10 egos, the court went on to point out that it would not have mattered in any event, because
11 "even assuming that YMUS's contacts could be imputed to YMC [by piercing the
12 corporate veil], 'this does not, on its own, suffice to establish general jurisdiction.'" *Id.*
13 (*citing Daimler*, 134 S. Ct. at 760). What matters for general jurisdiction is the state of
14 incorporation and principal place of business, *not* the location(s) where "substantial,
15 continuous, or systematic" business may be transacted. *Daimler*, 134 S. Ct. at 760–61.
16 Applying this analysis here, even if TMS and TMC could be treated as a single
17 worldwide corporation by virtue of an alter-ego theory, it would still not establish
18 general jurisdiction; it would establish only a single worldwide corporation "at home"
19 in *Japan*, not California.

20 In any event, Plaintiff will be unable to show that TMC and TMS are "alter egos."
21 As reiterated in *Williams*, "the parent-subsidiary relationship does not on its own
22 establish two entities as 'alter egos,' and thus, does not indicate that general jurisdiction
23 over one gives rise to general jurisdiction over the other." *Id.*, at 1021 (*citing Ranza*,
24 793 F.3d at 1070). Of course, it is never enough simply to assert that two corporations
25 are "alter egos" of each other. A plaintiff must allege facts showing "(1) that there is
26 such unity of interest and ownership that the separate personalities of the two entities
27 no longer exist and (2) that failure to disregard their separate identities would result in
28 fraud or injustice." *Id.* (*quoting Ranza,* 793 F.3d at 1073). In *Williams*, the court found

that the plaintiffs' "complaint [made] almost no factual allegations regarding the nature of the parent-subsidiary relationship," and that their opposition provided no additional clarity. *Id*. at 1022. They had therefore failed to make a prima facie case that YMC and YMUS were "alter egos."

Here too, apart from alleging  that the two companies "communicate" about products (Complaint ¶ 22), Plaintiff offers no nonconclusory allegations  that TMS and TMC *are* alter egos. *Williams*, 851 F.3d at 1025 n.5. But the evidence shows, in fact, that TMS and TMC are separate and independent legal entities. Godo Decl. ¶¶ 5, 18-23. TMS maintains its own corporate books and financial records, and has its own bank accounts. *Id*. ¶ 20. TMC, which does not directly own any of the stock of TMS, maintains its own board of directors, and manages its own employees. *Id*. ¶¶ 18, 21-23. These facts alone "prevent a finding that Toyota Japan and Toyota USA are alter egos. *Estate of Thomson v. Toyota Motor Corp. Worldwide*, 545 F.3d 357, 363 (6th Cir. 2008); *see also, e.g.*, *Rasmussen v. General Motors Corp.*, 803 N.W.2d 623, 637 (Wis. 2011) (holding on similar  grounds that Nissan's Japanese parent was not subject to general jurisdiction in Wisconsin).

Therefore, TMC is not subject to general jurisdiction, a conclusion other courts have also reached on similar  facts in the relatively  rare cases where a plaintiff has attempted to make the argument. *See Heber*, 2018 WL 3104612 at *2 ("In short, TMS is not an alter ego of TMC."); *Estate of Thomson*, 545 F.3d at 363; *Miller v. Toyota Motor Corp.*, 620 F. Supp. 2d 109, 114-16 (D.D.C. 2009); *Estate of Thomson v. Toyota Motor Corp.*, No. CIV JFM-08-2467, 2009 WL 1686498, at *3-4 (D. Md. June 12, 2009) (dismissing case v. TMC with prejudice); *Estate of Miller ex rel. Miller v. Toyota Motor Corp.*, No. 607CV-1358-ORL-19DAB, 2008 WL 4525058, at *5–6 (M.D. Fla. Oct. 6, 2008); *see also, e.g.*, *Brown v. Toyota Motor Sales, U.S.A, Inc.*, No. CV 16-1069, 2016 WL 1161306, at *1 (E.D. La. Mar. 24, 2016) (dismissing TMC for lack of proper service).

1    **II.     The Court lacks specific jurisdiction over TMC because the claims**
2            **against it do not arise from its contacts with California.**

3            As further affirmed by *Williams*, Plaintiff is also unable to establish specific
4    jurisdiction over TMC. 851 F.3d at 1022-25. Specific jurisdiction exists only if (1) the
5    defendant "purposefully direct[s]" its activities at the forum or "purposefully avails"
6    itself of the benefits afforded by the forum's laws; (2) the plaintiff's claim "arises out
7    of or relates to" those forum-related activities; and (3) the exercise of jurisdiction would
8    comport with fair play and substantial justice. *Id.* at 1023 (*citing Dole Food Co. v.*
9    *Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002)). If a plaintiff cannot satisfy either of the
10   first two prongs of this test, "personal jurisdiction is not established." *Schwarzenegger,*
11   374 F.3d at 802. That is the case here.

12           In undertaking this analysis, the Ninth Circuit has articulated the contours of this
13   "defendant-focused" specific jurisdiction inquiry and the concomitant "primary concern
14   [being] the burden on the defendant." *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874
15   F.3d 1064, 1068 (9th Cir. 2017). As the Ninth Circuit explained in *Axiom*:

16           The inquiry whether a forum State may assert specific jurisdiction
17           over a nonresident defendant focuses on the relationship among the
18           defendant, the forum, and the litigation. **Specifically, the**
19           **defendant's suit-related conduct must create a substantial**
20           **connection with the forum State. Our primary concern is the**
21           **burden on the defendant**.

22           Two principles animate the defendant-focused inquiry. First, the
23           relationship between the nonresident defendant, the forum, and the
24           litigation must arise out of contacts that the defendant himself
25           creates with the forum State. Second, the minimum contacts analysis
26           examines the defendant's contacts with the forum State itself, not
27           the defendant's contacts with persons who reside there. It follows

28

1            that a defendant's relationship with a plaintiff or third party,

2            standing alone, is an insufficient basis for jurisdiction."

3   *Id.* (internal quotation marks and citations omitted) (emphasis added).

4          In light of the above guidance from the Ninth Circuit, and for the reasons set forth

5   below, the Court lacks specific jurisdiction over TMC. This is because TMC did not

6   purposefully direct its activities towards this forum and Plaintiff's claims do not arise

7   out of, or relate to, any TMC forum-related activities. Moreover, the exercise of

8   personal jurisdiction over TMC would not comport with fair play and substantial justice

9   and would therefore be unreasonable.

10        **A.**     **Plaintiff has not alleged purposeful direction or availment by**

11              **TMC.**

12          For reasons similar to those discussed above, Plaintiff cannot satisfy the

13   "purposeful direction" or "availment" prong of the specific jurisdiction test.

14          As an initial matter, the Court should disregard any allegations referring only to

15   "Toyota" or "Defendant." As this Court (and many others) have held, "shotgun"-style

16   pleadings that "lump together" individual defendants violate Rule 8. *See, e.g.*, *Salazar*

17   *v. County of Orange*, No. SACV 11-11-1125 AG (MLGx), 2012 WL 12896196, at *2–

18   3 (C.D. Cal. Mar. 12, 2012) (dismissing complaint for that reason alone). For

19   jurisdictional purposes, "[e]ach defendant's contacts with the forum State must be

20   assessed individually." *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781 n.13

21   (1984). Courts have therefore had little trouble rejecting pleading tactics like Plaintiff

22   uses here. *See, e.g.*, *Demaria v. Nissan N. Am., Inc.*, No. 15 C 3321, 2016 WL 374145,

23   at *7 (N.D. Ill. Feb. 1, 2016) (holding complaint that lumped together Nissan North

24   America and its Japanese parent made it "impossible to discern" whether either had

25   engaged in relevant forum activities); *Branch v. Toyota Motor Corp.*, No. 810ML02151

26   JVS FMOX, 2012 WL 12930585, at *1 & n.2 (C.D. Cal. Mar. 19, 2012) ("[C]ollective

27   actions on the part of all defendants cannot be used to bootstrap a finding of jurisdiction

28   as to a particular defendant" (*citing Keeton*, 465 U.S. 770)); *AFC Enterp., Inc. v. Hearst*

*Corp.*, No. 1:11-cv-4150-WSD, 2012 WL 13014021, at \*4–5 (N.D. Ga. Sept. 10, 2012) (holding collective allegations against "Hearst" entities could not establish personal jurisdiction over any of them). Pursuant to this well-settled rule, vague allegations naming "Toyota" or "Defendants" in a complaint naming two separate "Toyota" entities are not proper allegations against either one.

There are, at best, three paragraphs in the Complaint that are specific to TMC, alleging that: (1) TMC is the Japanese parent corporation of TMS and "through its various entities, designs, manufactures, markets, distributes and sells Toyota, Lexus and Scion automobiles in California and throughout the United States and worldwide" (¶ 19); (2) TMC and TMS sell Toyota vehicles "through a network of dealerships that are the agents of TMC and TMS" (¶ 21); and (3) TMC "communicates with TMS concerning virtually all aspects of the Toyota Vehicles it distributes within the United States (¶ 22)." Again, these are conclusory allegations that, even if true, would not establish purposeful direction or availment with regard to California. *See Asahi Metal Industry Co., Ltd. v. Superior Court*, 480 U.S. 102, 112 (1987) (holding mere awareness that product would be sold in forum state, among others, did not constitute "purposeful direction" toward that state).[4]

Nor can Plaintiff offer any evidence to bolster these allegations. TMC does not design or manufacture Toyota vehicles in California. Godo Decl. ¶ 14. TMC does not ship vehicles for the purpose of sale directly into the State of California and it does not advertise or market here. *Id*. ¶¶ 4-5, 8-10. It does not do business in California and is not licensed to do so. *Id*. ¶¶ 6, 12. It has no agent for service of process in California, does not own or lease real estate here, and has no place of business here. *Id*. ¶¶ 6, 11. It simply has no contacts of its own with the state.

If Plaintiff argues that TMC purposefully directed its activities at California or availed itself of California laws by using a subsidiary with ties to California to act on

---

[4] The *Williams* plaintiffs alleged similar facts and the Ninth Circuit did not even bother to mention them in its analysis. *Williams*, 851 F.3d at 1021–23.

its behalf, *see* Complaint ¶¶ 19-22, that argument will also fail. In fact, the Ninth Circuit has confirmed that its agency theory of specific jurisdiction did not survive *Daimler. Williams*, 851 F.3d at 1023–24 (holding "*Daimler's* reasoning is clearly irreconcilable with the agency test" the Ninth Circuit previously applied). Even if that were still the law, conclusory allegations like the ones Plaintiff makes here are entitled to no credit at all. *Id.* at 1024-25, 1025 n.5. And as discussed above, Plaintiff's conclusory "alter ego" allegations fail for the same reason. There is no specific personal jurisdiction over TMC for that reason alone.

**B.    Plaintiff does not allege claims arising from forum related activities by TMC with California.**

Even if Plaintiff could meet his burden as to the first prong of the specific jurisdiction test, he would still have to show that his claims actually arose out of those contacts. He cannot do this either.

In *Bristol-Myers Squibb*, 137 S. Ct. 1773, the plaintiffs argued the foreign company was subject to specific jurisdiction because it contracted with a California company to distribute its products nationally, including in California. 137 S. Ct. at 1783–84. The Court rejected this argument, pointing out that specific jurisdiction "must be met as to each defendant" and that a defendant's relationship with a third party, standing alone, cannot establish jurisdiction. *Id.* (*citing Walden*, 134 S. Ct. at 1123). In the absence of evidence that the foreign company itself engaged in relevant acts in California, either on its own or together with the California entity, there was no basis for specific jurisdiction. *Id.*

Here, even if Plaintiff could offer evidence that TMC performed some action in California – it did not – it would make no difference to specific jurisdiction unless his claims actually arose from *that action* – not by some action attributable to it via TMS. Plaintiff would have to show, in other words, that "'but for' [TMC's] forum-related conduct, the claims in question would not have arisen." *Payne v. Office of the Commissioner of Baseball*, No. 15-CV-03229, 2016 WL 1394369 at *6 (N.D. Cal. Apr.

8, 2016) (*citing Doe v. Unocal Corp.*, 248 F.3d 915, 924 (9th Cir. 2001)); *see also Shute v. Carnival Cruise Lines*, 897 F.2d 377, 385 (9th Cir. 1990) (requiring a direct nexus between the claims being asserted and the defendant's activities in the forum).

Plaintiff alleges claims for breach of warranty, fraud, unjust enrichment and violation of various consumer protection statutes. Setting aside the collective and conclusory allegations, Plaintiff does not allege a single fact that would show TMC did anything in California, much less anything relevant to Plaintiff's claims. At best, Plaintiff alleges that "through its various entities" TMC "designs, manufactures, markets, distributes and sells Toyota, Lexus and Scion automobiles in California." But Plaintiff alleges nothing to show his claims would not have arisen "but for" some action by TMC itself in California.

### C.   Specific jurisdiction would be unreasonable.

Finally, even assuming Plaintiff could meet his burden, the Court should still refuse to take jurisdiction because doing so on these facts would be unreasonable. *See Sinatra v. Nat'l Enquirer, Inc.*, 854 F.2d 1191, 1998 (9th Cir. 1988). This is particularly important as the exercise of jurisdiction in this case would be over a non-U.S. corporation with no contacts in this forum. *See Asahi*, 480 U.S. at 115.

Under *Sinatra*, courts consider several factors to determine whether jurisdiction would be reasonable: "the extent of defendant's purposeful interjection into the forum state's affairs; the burden on defendant of defending in the forum; the extent of conflict with the sovereignty of defendant's home state; the forum state's interest in adjudicating the dispute; the most efficient judicial resolution of the controversy; the importance of the forum to plaintiffs' interests in convenient and effective relief; and the existence of an alternative forum." *Id*. at 1198-99; *see Carroll Shelby Licensing, Inc. v. U.S. Restoration, LLC*, No. 217CV00737ODWSSX, 2017 WL 4142158, at *4 (C.D. Cal. Sept. 15, 2017). These factors are weighed against one another and no single factor is dispositive. *Id*.

First, TMC has not purposefully (or otherwise) interjected itself into California, as discussed in detail above. Godo Decl. ¶¶ 4-14, 24.

Second, the Supreme Court has cautioned that "[g]reat care and reserve should be exercised when extending our notions of personal jurisdiction into the international field" and, further, that "the unique burdens placed upon one who must defend oneself in a foreign legal system should have significant weight in assessing the reasonableness of stretching a long-arm of personal jurisdiction over national borders." *Asahi*, 480 U.S. at 114-15. These concerns weigh heavily against imposing the burdens of U.S. litigation on a foreign corporation like TMC.

Third, although California would have an interest in adjudicating the claims of California residents, that interest is satisfied here by virtue of jurisdiction over TMS. And the state has no interest whatsoever in resolving claims by out-of-state putative class members against an out-of-state, non-U.S. corporation.

Finally, Plaintiff does not allege, and cannot reasonably argue, that TMS would be unable to satisfy a judgment in his favor if he were to get one. While there may be no alternative U.S. forum that could exercise jurisdiction over TMC (for the same reasons it is not subject to jurisdiction in California), again it does not matter here. If Plaintiff *had* any viable claims (in California or any other state), then he could prevail against TMS, and without having to worry about jurisdictional problems.

## CONCLUSION

Just as in *Williams*, Plaintiff has sued the Japanese parent of a California corporation that imports, markets, and sells vehicles within the United States. And just as in *Williams*, there is no basis for either general or specific jurisdiction against that parent corporation. The Court should grant TMC's motion.

Dated: May 1, 2020                          Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

By: /s/ *Michael L. Mallow*
Mark D. Campbell
Rachel. A. Straus
Michael L. Mallow
TOYOTA MOTOR SALES, U.S.A., INC. and TOYOTA MOTOR CORPORATION

TOYOTA MOTOR CORPORATION'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT